**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:26-cv-00347-MJT |
| | ) | |
| LEGENDARY PEPTIDES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# JOINT RULE 26(f) CONFERENCE REPORT

Plaintiff Eli Lilly and Company ("Plaintiff" or "Lilly") and Defendant Legendary Peptides, LLC ("Defendant" or "Legendary") jointly file this Rule 26(f) Conference Report.

## I. FACTUAL AND LEGAL SYNOPSIS OF THE CASE

This case involves claims by Eli Lilly and Company against Legendary Peptides, LLC.

**Lilly's Position.** Lilly alleges that Legendary is an online seller of "research use only" products, based in Lumberton, Texas. Lilly alleges retatrutide is an investigational molecule developed by Lilly that has not been approved by FDA for sale to consumers. Lilly alleges that Legendary illegally markets and sells products purporting to contain retatrutide for human use and not exclusively for research use. Lilly asserts claims under the consumer protection and unfair competition laws of Alaska, Colorado, Connecticut, North Carolina, South Carolina, Tennessee, Texas, and Washington. Lilly seeks a permanent injunction, damages, disgorgement of profits, and attorneys' fees.

**Legendary's Position.** Legendary denies Lilly's allegations and specifically denies that it markets or sells any product containing retatrutide for human use. It is Legendary's position that Lilly filed this case because it wrongfully believed Legendary participates in a black market for

human-use retatrutide without any evidence substantiating such a claim. As set forth in Legendary's pending motion to dismiss, Legendary responds that Lilly's allegations make clear its complaint is with other companies that sell retatrutide for human use, not Legendary. Legendary asserts Lilly does not have standing to challenge sales of retatrutide and sales of retatrutide cannot cause any harm to Lilly, Lilly not holding FDA approval for the molecule. Legendary denies that it violated any laws.

## II. JURISDICTIONAL BASIS

Lilly asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). This is a civil action between citizens of different states: Lilly is an Indiana corporation with its principal place of business in Indiana. Legendary is a Texas LLC and its two members, Brian Milner and Jeani Milner, are domiciled in and are citizens of Texas. Lilly asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs, but Legendary disputes this claim.

## III. NAMES OF THE PARTIES

The correct names of the parties are as follows:

- Eli Lilly and Company
- Legendary Peptides, LLC

No additional parties are anticipated at this time.

## IV. PENDING RELATED CASES

The following cases may involve certain overlapping legal and/or factual issues with the above-captioned case and thus may be deemed to "relate" to this case:

- Eli Lilly and Company v. Astra LLC d/b/a Astra Peptides, Case No. 5:26-cv-05147-FB, U.S. District Court for the Western District of Texas, San Antonio Division

- Eli Lilly and Company v. Striker Pharmacy, LLC, Case No. 4:26-CV-06563, U.S. District Court for the Southern District of Texas, Houston Division
- Eli Lilly and Company v. American Peptides LLC, Case No. 5:26-cv-04146-AVH-MLH, U.S. District Court for the Western District of Louisiana, Shreveport Division
- Eli Lilly and Company v. Brown, Case No. 3:26-cv-03514-B, U.S. District Court for the Northern District of Texas, Dallas Division
- Eli Lilly and Company v. Cenexa Labs LLC, Case No. 4:26-cv-08806, U.S. District Court for the Southern District of Texas, Houston Division
- Eli Lilly and Company v. MedShape Weight Loss Clinic LLC, Case No. 2:26-cv-07361-SPL, U.S. District Court for the Northern District of Arizona, Phoenix Division
- Eli Lilly and Company v. Southlake Mhya PLLC, Case No. 4:26-cv-01294-P, U.S. District Court for the Northern District of Texas, Fort Worth Division

## V. STATUS OF MANDATORY DISCLOSURES

The parties exchanged initial disclosures on November 23, 2026.

## VI. PROPOSED SCHEDULING ORDER DEADLINES

The parties have agreed that deadlines should be keyed to this Court's case management conference and have proposed a corresponding schedule as follows:

| | |
|---|---|
| **12/07/2026**<br>*1 week after Case Management Conference* | Deadline for Motions to Transfer. |
| **01/11/2027**<br>*6 weeks after Case Management Conference* | Deadline to add parties without leave of court. |
| **02/08/2027**<br>*10 weeks after Case Management Conference* | Deadline for early mediation. |

| | |
|---|---|
| **02/22/2027**<br>*12 weeks after Case Management Conference* | Deadline for plaintiff(s) to file amended pleadings. A motion for leave to amend is not necessary. |
| **03/08/2027**<br>*14 weeks after Case Management Conference* | Deadline for defendant(s) to file amended pleadings. A motion for leave to amend is not necessary. |
| **05/03/2027**<br>*22 weeks after Case Management Conference* | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| **06/14/2027**<br>*28 weeks after Case Management Conference* | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| **06/21/2027 (from 05/03/2027 disclosure)**<br>**08/02/2027 (from 06/14/2027 disclosure)**<br>*7 weeks after disclosure of an expert is made* | Deadline to object to any other party's expert witnesses. Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. The court will not accept objections to experts filed in any form—i.e., Motions in Limine—after this date.<br>Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi) and 26(a)(2)(C)(i)-(ii). Challenges to expert reports include those set out in Federal Rule of Evidence 702(a)-(d) and 703. |
| **07/12/2027**<br>*32 weeks after Case Management Conference* | Deadline for Motions to Dismiss, Motions for Summary Judgment, or other dispositive motions. |
| **08/23/2027**<br>*38 weeks after Case Management Conference* | Close of discovery. All discovery shall be commenced in time to be completed by this date. |
| **09/30/2027**<br>*9 weeks before Final Pretrial* | Notice of intent to offer certified records. |

| | |
|---|---|
| **10/07/2027**<br>*8 weeks before Final Pretrial* | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).<br>To avoid the cost of designating deposition extracts and objecting to same, counsel shall discuss witnesses who have to be presented by deposition. Counsel should agree on a list of witnesses whom each counsel will subpoena, or if beyond the subpoena range (see Federal Rule of Civil Procedure 45), whom each counsel will arrange to have present at trial. |
| **11/04/2027**<br>*4 weeks before Final Pretrial* | For witnesses who are not going to be called live, oral, and video deposition designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and request line and page numbers to be offered. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court. The party who filed the initial video deposition designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the court's rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.) |
| **11/18/2027**<br>*2 weeks before Final Pretrial* | File unresolved objections to oral and video deposition extracts. |
| **11/12/2027**<br>*3 weeks before Final Pretrial* | Motions in Limine due.<br>Deadline to file Joint Final Pretrial Order. (Obtain form for Exhibit List from Eastern District's website; obtain form for Joint Final Pre-Trial Order under the "Standard Forms" tab on Judge Truncale's page. |
| **11/18/2027**<br>*2 weeks before Final Pretrial* | Response to Motions in Limine due.<br>File Proposed Jury Instructions/Verdict Form (or Proposed Finds of Fact and Conclusions of Law). |
| **Date will be set by court.**<br>*Usually within 10 days prior to Final Pretrial.* | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |

| | |
|---|---|
| **12/02/2027** | 9:00 a.m. - Final Pretrial Conference in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. Date parties should be prepared to try case. Provide court with two copies of Exhibit List, using form from District Clerk's Office. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order. |
| **12/06/2027** | 9:00 a.m. – Jury Selection and Trial in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. |

Legendary notes that this proposed schedule presumes prompt resolution of its motion to dismiss and reserves the right to seek a protective order against discovery pending resolution of its motion to dismiss.

## VII. 26(f) DISCOVERY ISSUES

**The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff anticipates needing discovery on liability, defenses, Defendant's non-compliance with various statutes, causation, and remedies. Plaintiff anticipates discovery will include Defendant's sales of drugs and profits; Defendant's order and (if any) prescription handling process; communications to and from customers; communications with FDA; versions of Defendant's website (and changes); marketing materials, including social media; media statements of Defendant; and Defendant's labeling practices. In addition to discovery from Defendant, Plaintiff anticipates it may need fact discovery from third parties, including any suppliers from whom Defendant acquired the unapproved drugs. Plaintiff states that discovery should be completed in accordance with the proposed schedule set out above and this Court's rules, irrespective of Legendary's motion to dismiss. *See Pace v. Cirrus Design Corp.*, No. 2:24-CV-00539-JRG, 2025 WL 510231, at *1 (E.D. Tex. Feb. 14, 2025) ("There is no basis in the Federal Rules of Civil Procedure or Local Rules for a court to stay discovery pending resolution of a

motion to dismiss."); E.D. Tex. L.R. CV-26(a) ("**No Excuses**. Except in cases involving qualified immunity or a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue.").

Legendary believes that its motion to dismiss should be granted, discovery will not be required, and reserves its right to seek a protective order should Lilly seek burdensome discovery prior to the Court's ruling on Legendary's motion to dismiss. Nonetheless, should this case proceed past the pleading stage, Legendary will seek discovery concerning the basis for Lilly's claims, including, but not limited to, Lilly's FDA-approved weight loss drugs and retatrutide, including the sales and marketing thereof; the basis upon which Lilly relied in filing a complaint against Legendary; Lilly's lawsuits and complaints about third-party retatrutide sellers; and correspondence between Lilly and any third parties wherein Lilly urged third parties to take actions against Legendary.

The parties are not aware of any current issues relating to the disclosure, discovery, or preservation of electronically stored information and agree to discuss in good faith should any issues arise.

The parties will address privilege issues if they arise. The parties agree that a protective order is appropriate and anticipate submitting to the Court pursuant to Fed. R. Civ. P. 26(c)a proposed protective order to govern the production and dissemination of confidential information.

The parties do not propose any changes be made in the limitations on discovery imposed under the federal or local rules, other than Legendary's note that it may seek a protective order against burdensome discovery if sought prior to the Court's ruling on the pending motion to dismiss.

**Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native**

**or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

No issues at this time.

**Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

No agreements or disputes at this time.

**Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

No limitations at this time, other than Legendary's note that it may seek a protective order against burdensome discovery if sought prior to the Court's ruling on the pending motion to dismiss.

**Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

The parties anticipate the need for future protective orders governing discovery but do not presently require action by the Court.

## VIII. SETTLEMENT PROGRESS

The parties have discussed a potential resolution of the case and continue to engage in settlement discussions.

## IX. EXPECTED DEPOSITIONS

Lilly presently anticipates deposing Legendary's employees responsible for Legendary's advertising, marketing, and sales of retatrutide, as well as a corporate representative of Legendary,

within the discovery period and after sufficient exchanges of written discovery and document production.

Legendary anticipates deposing Lilly's witnesses with knowledge of the basis for Lilly's lawsuit, including a corporate representative, and those with knowledge of the topics discussed in Section VII.

## X. TRIAL DETAILS

Plaintiff Eli Lilly and Company demanded a trial by jury on all issues so triable in its Complaint. Lilly currently anticipates that it will take approximately 30 hours to present evidence in this case. Legendary is not aware of any evidence that it harmed Lilly, making it difficult to assess the length of a trial at this point, but does not believe it would require 30 hours to present evidence consistent with Lilly's allegations.

## XI. ATTORNEYS APPEARING AT MANAGEMENT CONFERENCE

James Hileman will appear at the management conference on behalf of Eli Lilly.

Matthew L. Venezia will appear on behalf of Legendary at the case management conference.

## XII. PROCEEDINGS BEFORE A MAGISTRATE JUDGE

The parties do not consent to trial before a magistrate judge.

## XIII. OTHER MATTERS TO REPORT

Legendary filed a Motion to Dismiss on October 2, 2026, Lilly filed its Opposition on November 16, 2026, and Legendary filed its Reply on November 23, 2026. The Motion to Dismiss is now briefed and pending a ruling.

/s/ *James John Lomeo* November 25, 2026
Counsel for Plaintiff Date

**James John Lomeo**
Attorney-in-charge
TX Bar No. 24118993
Southern District No. 3511238
Kirkland & Ellis LLP
401 West 4th Street
Austin, TX 78701
Telephone: (512) 355-4316
Email: james.lomeo@kirkland.com

**Diana M. Watral (pro hac vice)**
IL Bar No. 6304247
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2000
Email: diana.watral@kirkland.com

**James R.P. Hileman (pro hac vice)**
IL Bar No. 6289737
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2000
Email: jhileman@kirkland.com

**David I. Horowitz (pro hac vice)**
CA Bar No. 248414
Kirkland & Ellis LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: 310-552-4200
Email: dhorowitz@kirkland.com

**Chase Chesser (pro hac vice)**
AL Bar No. 5744T69A
Kirkland & Ellis LLP
150 3rd Avenue South, Suite 1220
Nashville, TN 37201
Telephone: (629) 222-0131
Email: chase.chesser@kirkland.com

| | |
|---|---|
| */s/ Matthew L. Venezia* | November 25, 2026 |
| Counsel for Defendant | Date |

**Matthew L. Venezia**
Watstein Terepka LLP
999 N. Pacific Coast Hwy.
Suite 525
El Segundo, CA 90245
213-753-1337
Email: mvenezia@wtlaw.com

**Heeth Varnedoe**
Watstein Terepka LLP
75 14th Street NE
Suite 2600
Atlanta, GA 30309
404-905-8075
Email: hvarnedoe@wtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 25, 2026.

/s/ *James John Lomeo*
James John Lomeo